IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| REBECCA LEIGH DEHART,<br><br>Plaintiff,<br><br>v.<br><br>STEVENS-HENAGER COLLEGE, INC.,<br><br>Defendant. | **ORDER DENYING STEVENS-HENAGER'S MOTION FOR ATTORNEYS' FEES** |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVENS-HENAGER COLLEGE, INC.,<br><br>Defendant. | Case No. 1:05-CV-00118<br><br>[consolidated with case no. 1:05-CV-00122] |

Before the court is Stevens-Henager's motion for attorneys' fees and costs (#190). Stevens-Henager asserts that it is entitled to attorneys' fees because the plaintiffs were aware of facts that, according to Stevens-Henager, made plaintiffs' pursuit of their claims unreasonable and groundless. Plaintiffs argue that Stevens-Henager has failed to meet its burden of showing that the plaintiffs' claims were frivolous, unreasonable, or without foundation.[1] The court agrees with plaintiffs. Although Stevens-Henager was the prevailing party in this case, the court has no

---

[1] *See Christiansburg v. EEOC*, 434 U.S. 412 (1978); *EEOC v. St. Louis-San Francisco Ry. Co.*, 743 F.2d 739 (10th Cir. 1984).

reason to believe that the plaintiffs were motivated by anything other than good faith.[2]  This was a hotly contested case in which a jury could have reasonably found for either party.  Accordingly, the court DENIES Stevens-Henager's motion for attorneys' fees (#190).

The court declines to address the issue of costs at this time because it is an issue currently before the Clerk of the Court.  Lastly, the court finds as MOOT Stevens-Henager's motion to extend (#205).

DATED this 4th day of June, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[2] *See Christiansburg*, 434 U.S. at 421 (noting the importance of a district court to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable and without foundation"); *EEOC v. Freuhauf Corp.*, 609 F.2d 434 (10th Cir. 1979).