**FILED**
United States Court of Appeals
Tenth Circuit

**February 4, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| REBECCA LEIGH DeHART and EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiffs - Appellees, | No. 07-4134 |
| v. | (D. Utah) |
| STEVENS-HENAGER COLLEGE, | (D.C. No. 1:05-CV-118-PGC) |
| Defendant - Appellant. | |

---

### ORDER AND JUDGMENT[*]

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellee the Equal Employment Opportunity Commission ("EEOC") and an individual, plaintiff and appellee Rebecca Leigh DeHart,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brought actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, and the Equal Pay Act, 29 U.S.C. § 206(d), against defendant and appellant Stevens-Henager College, Inc.  The EEOC alleged that Stevens-Henager unlawfully paid four employees (DeHart, Jennifer Morris, Jana Miller and Stacy Nelson) less than it paid male employees performing substantially equal work, in violation of the EPA.  The EEOC also alleged that Stevens-Henager discharged Morris from her employment on the basis of her sex, in violation of Title VII.  In her separate complaint, DeHart alleged that Stevens-Henager paid her less than a male colleague for substantially the same work, and retaliated against her for complaining about the pay disparity, in violation of Title VII and the EPA.  The two actions were consolidated.

After discovery was completed, the EEOC and DeHart jointly moved for partial summary judgment on a number of Stevens-Henager's affirmative defenses, and Stevens-Henager moved for summary judgment on the merits of plaintiffs' substantive claims.  After a hearing, the district court granted the EEOC's motion in part and denied Stevens-Henager's motion in its entirety.

The case was tried to a jury over a three-day period.  On the last day of trial, the district court heard, and denied, Stevens-Henager's motion for a directed verdict on all of plaintiffs' claims.  The jury subsequently returned a verdict for Stevens-Henager on all claims.  Stevens-Henager thereafter moved for an award

of costs and attorney's fees.  The district court denied the motion for attorney's fees.  Stevens-Henager now appeals that denial.  We affirm.

The sole issue on appeal is whether the district court abused its discretion by finding that plaintiffs' claims were not frivolous, unreasonable, or without foundation and therefore denying Stevens-Henager's motion for attorney's fees.  The relevant statute provides, in pertinent part:

> In any action or proceedings under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).  We review a district court's decision regarding attorney's fees under the statute for an abuse of discretion.  EEOC v. PVNF, LLC, 487 F.3d 790, 807 (10th Cir. 2007).  "A Title VII defendant is not entitled to an award of fees unless the court finds that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"  Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978) (further quotation omitted).

In this case, the district court agreed with plaintiffs that Stevens-Henager had failed to meet its burden of showing that plaintiffs' claims were frivolous, unreasonable, or without foundation.  The court stated, "[a]lthough Stevens-Henager was the prevailing party in this case, the court has no reason to believe

that the plaintiffs were motivated by anything other than good faith." Order at 2. Indeed, the court specifically found "[t]his was a hotly contested case in which a jury could have reasonably found for either party." Id. We cannot say that the district court abused its discretion in refusing to award attorney's fees to Stevens-Henager. The district court judge presided over the entire case, and was in the best position to evaluate the merits of the respective parties' positions.

For the foregoing reasons, we AFFIRM the district court's order denying Stevens-Henager's motion for attorney's fees.

> ENTERED FOR THE COURT
>
>
> Stephen H. Anderson
> Circuit Judge